# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER DWAYNE JAMES,<br><br>                  Petitioner,<br><br>vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>                  Respondents. | Civil No.  11-1910 IEG (NLS)<br><br>**REPORT AND RECOMMENDATION RE DENYING MOTION TO DISMISS** |

## I. INTRODUCTION

Elmer Dwayne James ("James" or "Petitioner"), a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). He challenges his San Diego Superior Court conviction in case number SCD216879. Respondent has filed a motion to dismiss the petition on the basis that James has not exhausted his state court remedies as to the sole claim presented in the Petition. After a thorough review of the Petition, Respondent's motion to dismiss, and all supporting documents, this Court recommends that Respondent's motion to dismiss be **DENIED**.

## II. PROCEDURAL HISTORY

On May 5, 2009, a jury found James guilty of first degree robbery (Cal. Penal Code § 211). (Resp't Lodgment No. 1 at 50-51; 154-55.) Petitioner admitted to having a prior

conviction which qualified as a "prison prior" under Cal. Penal Code §§ 667.5(b), 668. (Resp's Lodgment No. 1 at 155.) On June 16, 2009, Petitioner was sentenced to five years' imprisonment. (*Id.* at 129, 163.)

On November 30, 2009, James appealed his conviction in the California Court of Appeal, claiming his due process rights were violated when the trial court refused to grant immunity to a potential defense witness, Diemiekia Reed. (Resp't Lodgment No. 3.) On August 19, 2010, the appellate court denied James' claim and affirmed his convictions in a reasoned decision. (Resp't Lodgment No. 6.) On September 21, 2010, James filed a petition for review in the California Supreme Court. (Resp't Lodgment No. 7.) In it, James raised the same claim he presented in his appeal to the appellate court. (*See id.*) The California Supreme Court denied his petition without comment or citation on October 27, 2010. (Resp't Lodgment No. 8.) James did not pursue habeas relief in the state courts. (*See* Pet. at 5-6.)

On August 22, 2011, Petitioner filed a petition for writ of habeas corpus in this Court. (ECF No. 1.) In his Petition, James raises a single claim, alleging that "[t]rial counsel's failures deprived [him] of [his] Sixth Amendment right to effective assistance of counsel." (Pet. at 6.) Specifically, he contends that his defense attorney was ineffective when he failed to object to or appeal the prosecutor's and trial court's decisions not to grant immunity to potential defense witness Diemieka Reed. (*Id.*) On November 4, 2011, Respondent filed the instant motion to dismiss the petition for failure to exhaust state judicial remedies. (ECF. No. 6.) Petitioner did not file an opposition.

**III.   DISCUSSION**

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34; *see also Duncan v. Henry*, 513 U.S. 367, 365 (1995). If the claim was not presented to the state's highest court on direct appeal, state

1  collateral remedies must be exhausted. *Reiger v. Christensen*, 789 F.2d 1425, 1427 (9th Cir.
2  1986). "The burden of proving that a claim has been exhausted lies with the petitioner."
3  *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d 615, 619
4  (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v. Allenbrand*,
5  23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

6        However, even where a claim has not been presented to the state's highest court if a
7  petitioner no longer has state court remedies available to him, he has satisfied the technical
8  requirements of exhaustion. *Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005) ("A
9  habeas petitioner who has defaulted his federal claims in state court meets the *technical*
10 requirements for exhaustion; there are no state remedies any longer 'available' to him."), quoting
11 *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *see also* 28 U.S.C.A. § 2254(c) (West 2006)
12 ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the
13 State, within the meaning of this section, if he has the right under the law of the State to raise,
14 by any available procedure, the question presented.") In such a situation the claim would likely
15 be procedurally defaulted in this Court. *Coleman*, 501 U.S. at 735 n.1 (holding that a procedural
16 default arises when a petitioner has "failed to exhaust state remedies and the court to which the
17 petitioner would be required to present his claims in order to meet the exhaustion requirement
18 would now find the claims procedurally barred").

19       Here, James raised only one claim in the state courts – that his due process rights were
20 violated when the trial court declined to grant immunity to a potential defense witness. (*See*
21 Resp't Lodgment Nos. 3, 7.) Thus, James has not presented his ineffective assistance of counsel
22 claim to the California Supreme Court. However, based on California's rule barring untimely
23 petitions for post-conviction relief, which the United States Supreme Court has found to be
24 clearly established and consistently applied, Petitioner has satisfied the technical requirement
25 for exhaustion because he no longer has state court remedies available with respect to his
26 ineffective assistance of counsel claim. *See Walker v. Martin*, 562 U.S. ___, 131 S.Ct. 1120,
27 1125-31 (2011) (holding that California's timeliness requirement providing that a prisoner must
28 seek habeas relief without "substantial delay" as "measured from the time the petitioner or

1  counsel knew, or should reasonably have known, of the information offered in support of the
2  claim and the legal basis for the claim," is clearly established and consistently applied), citing
3  *In re Robbins*, 18 Cal.4th 770, 805 (1998) (holding that a habeas claim "that is substantially
4  delayed" will not be considered unless "the petitioner can demonstrate 'good cause' for the
5  delay.")  The United States Supreme Court has stated that federal habeas courts should not treat
6  California's timeliness rules as differing significantly from other states which consider petitions
7  untimely after unexplained delays of thirty or sixty days.  *Evans v. Chavis*, 546 U.S 189, 199-
8  201 (2006), citing *Carey v. Saffold*, 536 U.S. 214, 219 (2002).

9        James could have presented his ineffective assistance of counsel claim to the state
10 appellate court in a habeas petition filed along with is direct appeal as early as November 2009.
11 Based on Petitioner's unexplained delay of two years and counting in presenting the claim, it
12 appears that he has no available state court remedies remaining for the claims, which arose
13 during his trial and appellate proceedings, and he has therefore met the technical requirements
14 of exhaustion as to these claims.  *Cassett*, 406 F.3d at 621 n.5; *Coleman*, 501 U.S. at 735 n.1.
15 Accordingly, the Court recommends Respondent's motion to dismiss be **DENIED**.

16 **IV.**    **CONCLUSION AND RECOMMENDATION**

17       For all of the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court
18 issue an Order: (1) approving and adopting this Report and Recommendation, and (2) directing
19 that Judgment be entered **DENYING** the Motion to Dismiss the Petition.

20       **IT IS ORDERED** that no later than **February 17, 2012**, any party to this action may file
21 written objections with the Court and serve a copy on all parties.  The document should be
22 captioned "Objections to Report and Recommendation."

23       **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the
24 Court and served on all parties no later than **February 24, 2012.**  The parties are advised that
25 / / /
26 / / /
27 / / /
28 / / /

1 failure to file objections within the specified time may waive the right to raise those objections
2 on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998);
3 *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

5 DATED: February 1, 2012

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court