# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELMER DWAYNE JAMES,<br><br>                              Petitioner,<br>  vs.<br><br>MATTHEW CATE, Secretary of the California Department of Corrections and Rehabilitation<br>                              Respondent. | CASE NO. 11cv1910-IEG(NLS)<br><br>Order Adopting Report and Recommendation; Denying Motion to Dismiss; Ordering Respondent to File Answer |

Petitioner Elmer Dwayne James, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for first degree robbery and related charges in San Diego County Superior Court Case No. SDC216879. Respondent moved to dismiss the petition, arguing the sole claim presented therein is unexhausted. On February 1, 2012, Magistrate Judge Nita Stormes filed a report and recommendation that the Court deny the motion to dismiss. Respondent has filed an objection to the report and recommendation.

The Court reviews *de novo* those portion of the report and recommendation to which Respondent objected. 28 U.S.C. § 636(b)(1) ("a judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made"); United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (clarifying scope of district judge's review of magistrate judge's findings and recommendations). Upon review, for the reasons explained below, the Court adopts in full Magistrate Judge Stormes'

1  report and recommendation, and DENIES the motion to dismiss.

## *Background*

Petitioner was found guilty of first degree robbery on May 5, 2009, and was sentenced to a term of five years in state prison. [Lodgment No. 1, at pp. 129-30.] Petitioner filed a direct appeal, arguing the trial court's failure to grant immunity to a proposed defense witness, Diemekia Reed, deprived him of his rights to compulsory process and due process. [Lodgment No. 3.] The California Court of Appeal rejected Petitioner's claim, finding Petitioner forfeited such claim by failing to request that the trial court grant immunity to Reed. Even assuming Petitioner did not forfeit his claim, the Court of Appeal found that the trial court lack authority to grant Reed immunity when the prosecutor declined to do so, and that the trial court did not err in any event because Reed's proffered testimony was not "clearly exculpatory." [Lodgment No. 6, pp. 8, 10-12.] By order filed October 27, 2010, the California Supreme Court denied Petitioner's petition for review, raising the same single claim, without citation or comment. [Lodgment No. 8.]

In the current petition, Petitioner raises a single claim – that his attorney was constitutionally ineffective for failing to object to the prosecution and trial court's decision not to grant immunity to Reed, and for not raising the matter on appeal. Petitioner never presented this Sixth Amendment claim to the California Supreme Court for consideration. Davis v. Silva, 511 F.3d 1005, 1008-09 (9th Cir. 2008) (in order to exhaust a claim prior to its presentation in a federal habeas corpus petition, petitioner must fairly present both the legal and factual basis of the claim to state's highest court). Based thereon, Respondent moved to dismiss the petition for lack of exhaustion.

In recommending that the Court deny the motion, Magistrate Judge Stormes cited California's rule barring untimely petitions for post-conviction relief. In re Robbins, 18 Cal. 4th 770, 805 (1998) (holding that a state habeas claim "that is substantially delayed" will not be considered unless "the petitioner can demonstrate 'good cause' for the delay."). Because more than two years have passed since Petitioner knew or should reasonably have known of the facts and legal basis for his Sixth Amendment claim of ineffective assistance of counsel, Magistrate Judge Stormes found California's untimeliness rule would now bar Petitioner from seeking relief

1  in state court on his newly asserted Sixth Amendment claim. [Doc. No. 8, pp. 3-4.]; Walker v.
2  Martin, 562 U.S. ___, 131 S. Ct. 1120, 1125-31 (2011) (holding that California's timeliness rule is
3  "firmly established" and regularly followed so as to constitute an adequate and independent ground
4  barring federal habeas review of claims).  Because Petitioner cannot now raise his claim in the
5  California courts, Magistrate Judge Stormes concluded the claim is technically exhausted. [Doc.
6  No. 8, p. 4.] Cooper v. Neven, 641 F.3d 322, 328 (9th Cir. 2011) ("if a claim is unexhausted but
7  state procedural rules would now bar consideration of the claim, it is technically exhausted but will
8  be deemed procedurally defaulted unless the petitioner can show cause and prejudice.")
9       Respondent objects that because Petitioner may seek to explain his delay or failure to
10 present his claim to the state courts, it is not clear that the California courts *will* rely on procedural
11 rules and decline to rule on the merits of the unexhausted claim. [Doc. No. 11.]  Therefore,
12 Respondent argues the Court should treat the petition as wholly unexhausted and dismiss it based
13 thereon.

### *Discussion*

15      Contrary to Respondent's argument, this Court need not dismiss the petition for lack of
16 exhaustion where to do so would be a waste of judicial resources.  Although procedural default is
17 an affirmative defense which must generally be asserted by the state, "the district court retain
18 discretion to consider the issue *sua sponte* if the circumstances warrant."  Vang v. Nevada, 329
19 F.3d 1069, 1073 (9th Cir. 2003).  In particular, the court may raise the issue *sua sponte* where
20 warranted by "principles of comity, federalism, and judicial efficiency."  Id.
21      Here, as Magitrate Judge Stormes found, California's timeliness rules for the filing of
22 petitions for collateral review are firmly established and consistently applied.  Walker, 131 S. Ct.
23 at 1128-29.  Petitioner's ineffective assistance of counsel claim arose before or immediately after
24 his conviction in May of 2009, but he delayed more than two years before bringing such claim in
25 the current petition.  He challenged the trial court's failure to grant Reed immunity on direct
26 appeal, and could have raised counsel's alleged error by petition by writ of habeas corpus within
27 the same time period.  Under these circumstances, it appears Petitioner has no available state court
28 remedies remaining for his claim.  He has, therefore, met the technical requirements of exhaustion

1  of such claim.  Cassett v. Stewart, 406 F.3d 614, 621, n.5 (9th Cir. 2005); Coleman v. Thompson,
2  501 U.S. 722, 732 (1991).  Furthermore, the Court notes that if this petition is simply dismissed
3  based on lack of exhaustion, Petitioner would likely be barred by the one-year statute of
4  limitations under 28 U.S.C. § 2244(d)(1) from ever obtaining federal review of his claim.[1]

### *Conclusion*

6      For the reasons explained herein, the Court concludes Petitioner has technically exhausted
7  his state remedies.  Therefore, Respondent's motion to dismiss based upon lack of exhaustion is
8  DENIED.  Respondent is ordered to file an Answer addressing the merits of Petitioner's claim by
9  *April 17, 2012.*  Petitioner shall file a traverse on or before May 17, 2012.

10     The Court notes the address listed on the docket for Petitioner is different than the address
11 on the California Department of Corrections and Rehabilitation Inmate Locator database.
12 Therefore, in addition to sending this order to Petitioner at the address listed on the docket, the
13 Clerk is directed to send a copy also to Petitioner Elmer D. James, CDCR#V79852, at Sierra
14 Conservation Center, 5150 O'Byrnes Ferry Road, Jamestown, CA 95327.

15     **IT IS SO ORDERED**.
16 **DATED: February 21, 2012**

17                     */s/ Irma E. Gonzalez*
                     **IRMA E. GONZALEZ, Chief Judge**
18                      **United States District Court**

---

[1] The California Supreme Court denied Petitioner's petition for review on October 27, 2010.